Filed 9/26/16  P. v. Thavong CA1/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>THONG TOM THAVONG,<br><br>        Defendant and Appellant. | A148813<br><br>(Sonoma County<br>Super. Ct. No. SCR673576) |

Defendant Thong Tom Thavong appeals from a judgment entered upon his no contest plea. His attorney has asked this court for an independent review of the record to determine whether there are any arguable issues for review. (*Anders v. California* (1967) 386 U.S. 738, 744; *People v. Kelly* (2006) 40 Cal.4th 106, 119; *People v. Wende* (1979) 25 Cal.3d 436, 441-442.) Defendant was informed of his right to file a supplemental brief and did not do so. Having independently reviewed the record, we conclude there are no issues requiring further briefing and shall affirm the judgment.

### Factual and Procedural Background

There was no preliminary hearing or trial. The probation officer's report sets forth the following factual allegations.

On the evening of November 1, 2015, defendant had a blood alcohol level of .28 percent when he drove his motorhome onto a sidewalk, struck one pedestrian and caused another to dive to the ground, and then fled the scene. An eyewitness described the events leading to the collision. She reported seeing defendant swerving between lanes on the road, then driving over the curb where he hit a fire hydrant and tree. Defendant

1

reversed the vehicle and continued driving down the road, then reentered the sidewalk where he hit a sign and additional trees before plowing into the pedestrians. One of the pedestrians suffered devastating injuries including a skull fracture, broken legs, a broken shoulder, multiple rib fractures and a pelvic fracture.

Defendant was charged with several criminal counts and, on March 30, 2016, agreed to an open plea of no contest to one of the counts in exchange for dismissal of the remaining counts. Following advisement of his constitutional rights and the consequences of his plea, defendant entered a no contest plea to driving a vehicle and causing bodily injury while having a blood alcohol level of .08 percent or more. (Veh. Code, § 23153, subd. (b).) Defendant admitted causing great bodily injury (Pen. Code, § 12022.7, subd. (a)) and causing injury to more than one person (Veh. Code, § 23558). Defendant also admitted that his blood alcohol level was in excess of .15 percent (Veh. Code, § 23578) and that he has a prior serious felony conviction (Pen. Code, § 1170.12).

A probation officer prepared a report recommending imposition of the maximum 10-year sentence. The report noted that the 52-year-old defendant has a number of misdemeanor convictions for theft (Pen. Code, § 484, subd. (a)), drug offenses (Health & Saf. Code, §§ 11364, 11377, subd. (a)), and driving on a suspended license (Veh. Code, § 14601, subd. (a) in addition to his felony conviction for making criminal threats (Pen. Code, § 422). In his statement to the probation officer, defendant minimized his culpability and claimed the collision was caused by a tire blow-out.

At the sentencing hearing, the court denied defendant's motion to strike his prior conviction and sentenced him on the principal charge to the middle term of two years doubled to four years under the Three Strikes Law. (Pen. Code, §§ 18, subd. (a), 1170.12, subd. (c)(1); Veh. Code, § 23153, subd. (b).) The court imposed a three-year enhancement for inflicting great bodily injury (Pen. Code, § 12022.7, subd. (a)) and an

additional one-year enhancement for injuring more than one person (Veh. Code, § 23558).[1] The total term imposed is eight years.

## Discussion

We have reviewed the entire record and conclude there are no arguable issues that warrant further briefing. Defendant was ably represented by counsel at every stage of the proceedings. His plea was entered freely and knowingly with the concurrence and advice of counsel. The court did not abuse its discretion in denying defendant's motion to strike his prior conviction and no errors appear in the calculation of sentence. Consecutive enhancements were properly imposed for the separate aspects of the crime of personally inflicting great bodily injury upon one victim and injuring an additional victim. (*People v. Arndt* (1999) 76 Cal.App.4th 387, 393-394.)

## Disposition

The judgment is affirmed. The clerk of the superior court is directed to amend the July 12, 2016 abstract of judgment to reflect that the one-year enhancement was imposed pursuant to Vehicle Code section 23558 and to send a certified copy of the amended abstract to the Department of Corrections and Rehabilitation.

---

[1] At one point in the reporter's transcript, the principal offense is misstated as a violation of Vehicle Code section 23152, subdivision (b). The correct section reference is Vehicle Code 23153, subdivision (b), as the abstract of judgment properly reflects The abstract of judgment does contain a clerical error on a separate matter. A one-year enhancement was imposed under Vehicle Code section 23558 but the abstract lists Penal Code section 667.5, subdivision (b). Defendant's appellate counsel asked the trial court to correct the abstract of judgment but no correction has occurred to date. We will order the abstract of judgment corrected.

_____
Pollak, Acting P.J.

We concur:


_____
Siggins, J.


_____
Jenkins, J.